## CHARLES B. WOOD, APPELLANT, *v.* THE ERIE RAILWAY COMPANY, RESPONDENT.

*Carrying on business, under name of person not interested in firm — illegality of — Contract — how affected by — Dissolution of partnership — 3 R. S. (5th ed.), 978, § 42.*

In this action brought by the plaintiff to recover damages for injuries to a carriage, transported by defendant from Buffalo to New York, he was nonsuited on the ground that he carried on business under the name of Wood Bros., although no other person was interested therein. By the bill of lading the carriage, which was marked "Wood Bros.," was to be delivered in New York "to the party entitled to the same."

*Held,* that as the plaintiff was in fact the owner of the carriage, he was entitled to claim the same at New York, and that the fact that he was carrying on business in a manner forbidden by the laws of this State, did not relieve the defendant from fulfilling the contract of carriage it had entered into with him.

Where, upon the dissolution of a partnership, one partner continues the business under the old name, the statutory prohibition (3 R. S. [5th ed.], 978, § 42) does not apply until such partnership has been dissolved as to third persons as well as between the partners themselves. In the absence of any evidence upon the subject, it cannot be presumed that the public notice required to dissolve the firm as to persons having knowledge of its existence, was duly given.

APPEAL from a judgment in favor of the defendant, entered upon an order dismissing the complaint.

*E. H. Benn,* for the appellant.

*Jos. Larocque,* for the respondent.

DANIELS, J. :

This action was brought to recover the damages sustained by the plaintiff, by reason of injuries to a carriage delivered to the defend-

ant, as a common carrier for hire, at the city of Buffalo, to be carried and delivered to him at the city of New York. He was nonsuited at the trial, because he was engaged in business, as a dealer in carriages, under the name of Wood Brothers, in contravention of the statutory prohibition, that no person shall hereafter transact business in the name of a partner not interested in the firm. (3 R. S. [5th ed.], 978, § 42.) The carriage was purchased by the plaintiff in the firm name of Wood Brothers. Some months previous to that event, a brother of the plaintiff had been engaged in business with him under that name; but he had withdrawn from the firm and had no interest in the business at that time. It did not, however, appear that any public notice of the dissolution of the firm had at any time been given.

The complaint alleged that the carriage was delivered to the defendant to be carried to New York from the city of Buffalo and to be delivered to him. That likewise was the form of the bill of lading. It was noted upon that document that it was marked "Wood Bros.," New York. But the bill contained the statement that the property was to be transported by the Erie Railway Company to their warehouse at New York, ready to be delivered to the party entitled to the same. That was the contract, and as the plaintiff was, in fact, the owner, and as such entitled to the property, it was him alone with whom the agreement for its carriage was legally made. For that reason, the defendant could not claim exoneration from its obligation simply because the plaintiff carried on his business in a manner prohibited, and which the statute of the State declared to be a misdemeanor. He did not become an outlaw by reason of that circumstance, and liable to have his property despoiled or injured without any right to claim redress for the wrong done to him.

To effectually dissolve the partnership as to persons not previously dealing with it, but who may, from the publicity of its firm name, have known of its existence, a public notice or some other equivalent action seems to have been requisite. ( *Wardwell* v. *Haight*, 2 Barb., 549; *Lansing* v. *Gaine*, 2 Johns., 300; *Ketcham* v. *Clark*, 6 id., 144; *Davis* v. *Allen*, 2 Comst., 168; *City Bank of Brooklyn* v. *McChesney*, 20 N. Y., 240; *Buffalo City Bank* v. *Howard*, 35 id., 500.) It cannot be presumed, without proof of

the fact, that such notice had been given or such action taken for the mere purpose of rendering a contract unlawful which would be otherwise valid. If any presumption upon the subject is to be entertained, it must be that the notice was not published, and, consequently, that the firm, though dissolved, in fact, between the parties, still continued, as to persons knowing of its existence, but not of its termination. And that will be sufficient to render this statute inapplicable to the case. (*Greenwood* v. *Brink*, 1 Hun, 227.)

The statute is a salutary one, and must be enforced according to the reasonable signification of its terms. But, at the same time, as it is penal in its effects, the case must be fairly brought within those terms before they can be held to include it. (*O'Toole* v. *Garvin*, id., 92.) That was not done in this instance. The judgment should therefore be reversed, and a new trial ordered, with costs to abide the event.

DAVIS, P. J., concurred; BRADY, J., concurred in the result.

Judgment reversed, new trial ordered, costs to abide event.